STUART F. DELERY
Assistant Attorney General
MELINDA HAAG
United States Attorney
ELIZABETH J. SHAPIRO
Deputy Branch Director
JACQUELINE COLEMAN SNEAD
Senior Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W., Room 7214
Washington, DC 20001
Tel: (202) 514-3418
Fax: (202) 616-8470
Email: Jacqueline.snead@usdoj.gov

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

ELECTRONIC FRONTIER FOUNDATION,

Plaintiff,

vs.

NATIONAL SECURITY AGENCY, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE,

Defendants.

Case No.: CV 14-3010-JCS

**ANSWER**

Defendants, the National Security Agency ("NSA") and the Office of the Director of National Intelligence ("ODNI") (collectively "the government"), by and through undersigned counsel, hereby answer the Complaint in the above-captioned action. The following responses correspond to the numbered paragraphs in the Complaint filed by Plaintiff, Electronic Frontier Foundation.

1. Paragraph 1 contains Plaintiff's characterizations of this lawsuit and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is

deemed necessary, the government denies Plaintiff's characterizations except to admit that this action was brought under the Freedom of Information Act ("FOIA"). The government respectfully refers the Court to the statutory and regulatory provisions cited in Paragraph 1 for a full and complete statement of their contents.

**PARTIES**

2. The government lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2.

3. The government admits the allegations in the first sentence of Paragraph 3. The second sentence of Paragraph 3 contains a conclusion of law, not allegations of fact, and thus no response is required. The government respectfully refers the Court to the cited statutory provision for a full and complete statement of its contents.

4. The government admits the allegations in the first sentence of Paragraph 4. The second sentence of Paragraph 4 contains a conclusion of law, not allegations of fact, and thus no response is required. The government respectfully refers the Court to the cited statutory provision for a full and complete statement of its contents.

**JURISDICTION**

5. Paragraph 5 contains a conclusion of law, not allegations of fact, and thus no response is required. The government respectfully refers the Court to the statutory provision cited in Paragraph 5 for a full and complete statement of its contents.

## VENUE AND INTRADISTRICT ASSIGNMENT

6. Paragraph 6 contains a conclusion of law, not allegations of fact, and thus no response is required. The government respectfully refers the Court to the statutory provisions cited in Paragraph 6 for a full and complete statement of their contents.

7. Paragraph 7 contains a conclusion of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, the government denies that a substantial portion of the events giving rise to this action occurred in the District of San Francisco. The government respectfully refers the Court to the Local Rule cited in Paragraph 7 for a full and complete statement of its contents.

## FACTUAL ALLEGATIONS

8. Paragraph 8 contains Plaintiff's characterizations of the public discussion on the government's intelligence gathering practices, not allegations of fact, and thus no response is required.

9. Paragraph 9 contains Plaintiff's characterizations of the public discussion on the government's intelligence gathering practices, not allegations of fact, and thus no response is required.

10. Paragraph 10 contains Plaintiff's characterizations of a *New York Times* and *Forbes* article, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, the government denies those characterizations and respectfully refers the Court to the articles cited in Footnote 1 of the Complaint for a full and complete statement of their contents.

11. Paragraph 11 contains Plaintiff's characterizations of a December 2013 report issued by the Review Group on Intelligence and Communications Technologies, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, the government denies those characterizations and respectfully refers the Court to the report cited in Footnote 2 of the Complaint for a full and complete statement of its contents.

12. Paragraph 12 contains Plaintiff's characterizations of an article entitled *Why the Web Needs Perfect Forward Secrecy More Than Ever*, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, the government denies those characterizations and respectfully refers the Court to the article cited in Footnote 3 of the Complaint for a full and complete statement of its contents.

13. Paragraph 13 contains Plaintiff's characterizations of a *Bloomberg* article, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, the government denies those characterizations and respectfully refers the Court to the article cited in Footnote 4 of the Complaint for a full and complete statement of its contents.

14. Paragraph 14 contains Plaintiff's characterizations of a public statement of the ODNI, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, the government denies those characterizations and respectfully refers the Court to the public statement cited in Footnote 5 of the Complaint for a full and complete statement of its contents.

15. Paragraph 15 contains Plaintiff's characterizations of a blog post by the White House Cybersecurity Coordinator, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, the government denies those characterizations and

respectfully refers the Court to the blog post cited in Footnote 6 of the Complaint for a full and complete statement of its contents.

16. The government admits the allegations in Paragraph 16.

17. The government denies the allegations in Paragraph 17 except to admit that Plaintiff requested expedited processing of its FOIA request dated May 6, 2014.

18. The government admits the allegations in Paragraph 18.

19. The government admits the allegations in the first sentence of Paragraph 19. The government denies the allegations in the second sentence of Paragraph 19 except to admit that NSA denied Plaintiff's request for expedited processing.

20. The government admits the allegations in Paragraph 20.

21. The government admits the allegations in Paragraph 21.

22. The government denies the allegations in Paragraph 22 except to admit that the government has not produced any documents responsive to Plaintiff's FOIA request.

23. The government denies the allegations in Paragraph 23.

24. Paragraph 24 contains a conclusion of law, not allegations of fact, and thus no response is required.

25. Paragraph 25 contains a conclusion of law, not allegations of fact, and thus no response is required.

## CAUSES OF ACTION

26. The government repeats and realleges the responses to Paragraph 1 through 25 as if fully stated herein.

27. The government denies the allegations in Paragraph 27.

28. The government denies the allegations in Paragraph 28.

29. The government repeats and realleges the responses to Paragraph 1 through 25 as if fully stated herein.

30. The government denies the allegations in Paragraph 30.

31. Paragraph 31 contains a conclusion of law, not allegations of fact, and thus no response is required.

32. The government denies the allegations in Paragraph 32.

**REQUESTED RELIEF**

The remaining paragraphs of the Complaint contain Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed necessary, the government denies that Plaintiff is entitled to the requested relief.

The government denies any and all allegations not expressly admitted herein to which a response is required.

**AFFIRMATIVE DEFENSES**

1. Plaintiff did not effect proper service of the Complaint on Defendants.

Dated: August 4, 2014

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

MELINDA HAAG
U.S. Attorney

ELIZABETH J. SHAPIRO
Deputy Branch Director
Civil Division

/s/ Jacqueline Coleman Snead

JACQUELINE COLEMAN SNEAD
(D.C. Bar 459548)
Senior Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave, NW
Washington, D.C. 20530
Telephone: (202) 514-3418
Fax: (202) 616-8470
E-mail: Jacqueline.Snead@usdoj.gov

**Counsel for Defendants**