Andrew Crocker (SBN 291596)
andrew@eff.org
Mark Rumold (SBN 279060)
mark@eff.org
Nathan Cardozo (SBN 259097)
nate@eff.org
ELECTRONIC FRONTIER FOUNDATION
815 Eddy St.
San Francisco, CA 94109
Tel: (415) 436-9333
Fax: (415) 436-9993
*Attorneys for Plaintiff*
*Electronic Frontier Foundation*

Benjamin C. Mizer
Principal Deputy Assistant Attorney General
Melinda Haag
United States Attorney
Elizabeth J. Shapiro
Deputy Branch Director
Jacqueline Coleman Snead
Senior Counsel
UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W., Room 7214
Washington, DC 20530
Tel: (202) 514-3418
Fax: (202) 616-8470
Email: Jacqueline.snead@usdoj.gov
*Attorneys for Defendants*
*National Security Agency and Office of the Director of National Intelligence*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, | Case No. 3:14-cv-03010-RS |
| Plaintiff, | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |
| v. | |
| NATIONAL SECURITY AGENCY, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE | **Date:** May 21, 2015<br>**Time:** 11:00 am<br>**Dept.:** Courtroom 3, 17th Floor |
| Defendants. | **Judge:** Hon. Richard Seeborg |

Pursuant to this Court's Clerk's Notice Rescheduling Case Management Conference on February 10, 2015 (Dkt. No. 21), Plaintiff Electronic Frontier Foundation ("EFF") and Defendants National Security Agency ("NSA") and Office of the Director of National Intelligence ("ODNI") submit this Joint Case Management Conference Statement. The parties conferred on May 6, 2015 and May 11, 2015 and their joint response is set forth below:

### 1. Jurisdiction and Service

The parties stipulate and agree that (1) venue is properly laid in this District under 5 U.S.C. § 552(a)(4)(B); and (2) that the Court has subject matter jurisdiction over the action pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 28 U.S.C. § 1331. No issues exist regarding personal jurisdiction. Defendants have been properly served pursuant to Fed. R. Civ. P. 4(i)(1).

### 2. Facts

In letters dated May 6, 2014 and sent by facsimile to the NSA and ODNI on that day, Plaintiff submitted a Freedom of Information Act ("FOIA") request to Defendants seeking "All records, emails and communications related to the development or implementation of the 'Vulnerabilities Equity Process'[1] and all records, emails and communications related to or reflecting the 'principles' that guide the agency 'decision-making process for vulnerability disclosure' in the process described in the White House blog post" by Michael Daniel, Cybersecurity Coordinator, *Heartbleed: Understanding When We Disclose Cyber Vulnerabilities* (Apr. 28, 2014). According to Plaintiff's letters, computer vulnerabilities or "zero-days" are software flaws or vulnerabilities that allow an attacker with knowledge of the zero-day to exploit it to gain access to computer systems, compromise security, intercept sensitive information, or otherwise exploit the software's weakness. Plaintiff also sought expedited processing of its request. Defendant ODNI granted the request for expedited processing, and Defendant NSA denied that request. Plaintiff appealed NSA's denial.

As of the date of the filing of this lawsuit, neither defendant had completed processing

---

[1] The term "Vulnerabilities Equities Process" was used in an April 2014 blog post by ODNI and cited in Plaintiff's requests.

Plaintiff's FOIA requests. Plaintiff filed its complaint on July 1, 2014. (Dkt. No. 1.) On August 8, 2014, Defendants answered. (Dkt. No. 14.) After Defendants declined to proceed before a magistrate (Dkt. No. 15), this case was assigned to the Hon. Richard Seeborg. (Dkt. No. 17.)

Since the filing of the lawsuit, the parties have been working in good faith in an attempt to resolve some of the issues in this action and to agree on a schedule for the release of information responsive to Plaintiff's FOIA requests. In particular, the parties agreed to a stipulated schedule for the processing of records responsive to a mutually agreed narrowing of Plaintiff's FOIA requests. The parties submitted this schedule to the Court in a proposed order that also stayed the proceedings during the time Defendants were meeting the processing schedule negotiated by the parties. The Court signed this order on October 22, 2014 (Dkt. No. 20).

During this time, the Defendants provided Plaintiffs with 16 documents responsive to Plaintiff's requests, all of which have information redacted pursuant to claimed FOIA exemptions. Defendants have also withheld in full 107 documents responsive to Plaintiff's requests. Defendants have now informed Plaintiff that processing is complete.

**3.    Legal Issues**

The remaining legal issue is whether Defendants have properly withheld records in whole or part under 5 U.S.C. § 552. As described below, after conferring the parties have agreed to narrow the scope of the information responsive to Plaintiff's requests that is still in contention.

**4.    Motions**

There are no prior or pending motions. The parties anticipate that this case is likely to be disposed of on dispositive motions. Specifically, the parties intend to file cross-motions for summary judgment on Defendants' withholding of records.

**5.    Amendment of Pleadings**

No party anticipates amending its pleadings to add or dismiss claims or defenses.

**6.    Evidence Preservation**

Defendants are taking all reasonable steps to preserve documents responsive to Plaintiff's FOIA requests.

**7.     Disclosures**

The parties agree and stipulate under Federal Rule of Civil Procedure 26(a)(1)(A) that initial disclosures are not necessary, as this is a FOIA action for which there is no need to exchange.

**8.     Discovery**

To date, no discovery has been taken by any party. At this time, the parties do not contemplate discovery. The parties do not anticipate proposing any limitations or modifications of the discovery rules. Defendants contend that discovery is generally not appropriate in FOIA actions. *See Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (stating that in FOIA "cases courts may allow the government to move for summary judgment before the plaintiff conducts discovery").

**9.     Class Actions**

This case is not a class action.

**10.    Related Cases**

There are no related cases pending before this Court as defined by Local Rule 3-12.

**11.    Relief**

Plaintiff seeks injunctive relief with respect to the release and disclosure of all records responsive to its FOIA requests. Plaintiff also seeks reasonable attorney's fees incurred in this litigation. Defendants deny that Plaintiff is entitled to the relief requested or any relief whatsoever.

**12.    Settlement and ADR**

The parties believe that the prospect of settlement is low at this time. The parties have conferred about ADR processes in conformance with ADR Local Rule 3-5. The parties believe that this case is not well suited to ADR resolution. The parties have, however, met and conferred and have attempted to narrow the issues in dispute before presenting any such issues to the Court.

**13.    Consent to Magistrate for All Purposes**

All parties have not agreed to consent to assignment of this case to a magistrate judge.

**14.    Other References**

The parties agree that this case is not suitable for reference to binding arbitration or a special master, or reference to the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues**

The parties have agreed to narrow the scope of the information responsive to Plaintiff's requests that is still in contention to include: Any document(s) representing the final interagency Vulnerabilities Equities Process (and any document incorporated by reference therein) as described in the April 2014 White House blog post by Michael Daniel. Defendants have informed Plaintiff that one record withheld in full pursuant to FOIA exemptions (b)(1), (b)(3), and (b)(5) is within that scope.

**16.    Expedited Trial Procedure**

The parties agree that this is not the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

**17.    Scheduling**

The parties have conferred and propose the following schedule for briefing the parties' cross-motions for summary judgment:

| | |
|---|---|
| **August 12, 2015**: | Defendants' Motion for Summary Judgment. |
| **September 11, 2015:** | Plaintiff's Combined Cross-Motion for Summary Judgment/Opposition to Defendants' Motion. |
| **October 16, 2015:** | Defendants' Combined Opposition to Plaintiff's Motion/Reply in Support of Their Motion for Summary Judgment. |
| **October 30, 2015:** | Plaintiff's Reply in Support of Its Motion for Summary Judgment. |

**18.    Trial**

The parties anticipate that this entire case will be resolved by the Court on dispositive motions, and do not anticipate that this case will be decided by a jury.

**19.     Disclosure of Non-Party Interested Entities or Persons**

Defendants have not filed a Certification of Interested Entities or Persons because Local Rule 3-15 excuses government entities or their agencies from this requirement. Plaintiff filed a Certification of Interested Entities or Persons as required by Local Rule 3-15 stating that, aside from the named parties, there is no interest to report. (Dkt. No. 3.)

**20.     Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Other Matters As May Facilitate the Just, Speedy and Inexpensive Disposition of This Matter**

None.

DATED: May 14, 2015                      Respectfully submitted,

                                          By: /s/ *Andrew Crocker*
                                          Andrew Crocker
                                          Mark Rumold
                                          Nathan Cardozo
                                          ELECTRONIC FRONTIER FOUNDATION
                                          815 Eddy St.
                                          San Francisco, CA  94109

                                          *Attorneys for Plaintiff*
                                          *Electronic Frontier Foundation*

DATED: May 14, 2015                      By:
                                          Benjamin C. Mizer
                                          Principal Deputy Assistant Attorney General

                                          Melinda Haag
                                          United States Attorney

                                          Elizabeth J. Shapiro
                                          Deputy Branch Director
                                          Civil Division

                                          */s/ Jacqueline Coleman Snead*
                                          Jacqueline Coleman Snead
                                          (D.C. Bar 459548)

-6-

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W., Room 7214
Washington, DC 20530
Tel: (202) 514-3418
Fax: (202) 616-8470
Email:  Jacqueline.snead@usdoj.gov

*Attorneys for Defendants*
*National Security Agency and Office of the Director of National Intelligence*

### DECLARATION PURSUANT TO LOCAL RULE 5-1(i)(3)

I, Andrew Crocker, attest that I have obtained the concurrence of Jacqueline Coleman Snead, Counsel for Defendants, in the filing of this document.

I declare under penalty of perjury under the law of the United States that the foregoing is true and correct. Executed on May 14, 2015, in San Francisco, California.

*/s/ Andrew Crocker*
Andrew Crocker